IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BOBBY KELLY § | |
| TDCJ-CID #626124 § | |
| § | |
| V. § | C.A. NO. C-07-234 |
| § | |
| NORRIS JACKSON, ET AL. § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*
AND TO DISMISS ACTION**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2007 alleging that he was being denied proper medical treatment by McConnell Unit officials, physicians and nurses.[1] (D.E. 1). He also filed a motion to proceed *in forma pauperis.* (D.E. 2). For the reasons stated herein, it is respectfully recommended that plaintiff's application to proceed *in forma pauperis* be denied, and that this case be dismissed without prejudice.

**Three strikes rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three

---

[1] A month prior, on April 23, 2007, plaintiff filed a motion for temporary restraining order against many of the same defendants named herein alleging that those defendants were refusing to provide him with other medical services, such as physical therapy, that had been recommended by a physician on a different prison unit. His petition for injunctive relief was construed as a section 1983 complaint and assigned Civil Action No. C-07-214.

strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

**Analysis**

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Kelly v. Curry, et al., No. 00-40778 (5th Cir., Feb. 14, 2001); Kelly v. Thompson, et al., 1:2000cv812 (E.D. Tex. Oct. 10, 2001); Kelly v. Sherman, et al., 1:2000cv651 (E.D. Tex. Aug. 8, 2001); Kelly v. Thompson, et al., 1:2001cv070 (E.D. Tex. June 14, 2001); Kelly v. Linthicam, et al., 4:2000cv973 (S.D. Tex. Mar. 16, 2000); and Kelly v. Garner, et al., 5:96cv234 (E.D. Tex. Sept. 18, 1996). Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In the present case, plaintiff has named the following defendants: Warden Norris Jackson; Warden Richard Crites; William Burgin; Dr. James Fitt; Dr. Samuel Kovalski; Dr. Maximilliano Herrera; Nurse Lorraine Reyna; Nurse Terry Burris; and Ms. Villareal. Plaintiff claims that, prior to his transfer to the McConnell Unit, he was receiving a special diet on his former prison unit because he is diabetic and has problems with his blood sugar. He alleges that on March 13, 2007, Dr. Kovalski denied him the special diet. He claims that Dr. Kovalski and Dr. Fitts have refused to refer him to a physical therapist, have refused him a special diet, and have refused him his proper medication. He claims that William Burgin failed to take "corrective action" concerning his medical claims, and that Warden Jackson failed to respond to his grievance about the inadequate medical care.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the

complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In this case, plaintiff fails to allege imminent injury for purposes of § 1915(g). Indeed, he is complaining only that his current physicians at the McConnell Unit have deviated from the course of treatment prescribed at another unit. He does not claim that he is being denied care or not seen by medical personnel. Indeed, his complaints stem from his appointments with his new medical care providers and their decision to not follow the plan recommended by another doctor (s). There is no present threat of harm or injury as a consequence of the dispute over what medical services plaintiff receives. As such, he fails to allege imminent harm for purposes of § 1915(g).

## **Recommendation**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege that he is in imminent danger of physical harm. Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2) be denied and that this lawsuit be dismissed without prejudice. It is recommended further that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 7th day of June, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).